# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

UNITED STATES OF AMERICA, :
:
v. :
: CASE NO.: 7:24-CR-33 (WLS-ALS)
JAMES NELOMS, III, :
:
    Defendant. :
:

## ORDER

    Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 26), filed on June 3, 2025. Therein, Defendant requests a continuance of the trial in this matter from the August 2025 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that Defense Counsel was recently assigned to his case on May 20, 2025, while in the midst of trial preparation in another case. (*Id.* at 2). Thus, Counsel has not yet had time to review the Government's supplemental discovery or meet with Defendant. (*Id.*) Defendant also notes that his previous counsel was provided with a plea agreement by the Government which his new Counsel has yet to have time to review with him. (*Id.*) For these reasons, Defendant contends that the requested continuance is warranted because the defense will need additional time to review discovery and to allow Defendant to make an informed decision regarding the next steps in his case. (*Id.*) Defendant notes that the Government does not oppose his Motion, and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Neloms in a speedy trial. (*Id.* at 2–3).

    Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial and to allow for the Parties to engage in meaningful plea negotiations, if they desire to do so. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Therefore, Defendant's Motion (Doc. 26) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED**

to the Valdosta Division November 2025 term and its conclusion, or as may be otherwise ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 4th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**